**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

SAMMIE-JO A. O.,[1]

          Plaintiff,

     v.                                                                      **DECISION AND ORDER**
                                                                                    20-CV-273-A
COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____

      Plaintiff Sammie-Jo A.O. ("Plaintiff"), brings this action seeking review of the Commissioner of Social Security's final decision that denied the application filed by Plaintiff for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and Supplemental Security Income ("SSI") under Title XVI of the SSA. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The parties have filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. Nos. 15, 21), and Plaintiff filed a reply (Dkt. No. 22).

      The Court assumes the parties' familiarity with the administrative record, the parties' arguments, and the standard of review, to which the Court refers only as necessary to explain its decision. *See Schaal v. Apfel*, 134 F.3d 496, 500-501 (2d Cir. 1998) (summarizing the standard of review and the five-step sequential evaluation

---

[1] To protect the personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial, in accordance with this Court's Standing Order issued November 18, 2020.

process that Administrative Law Judges [ALJs] are required to use in making disability determinations); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (same).  For the reasons stated below, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED to the extent the Commissioner's final decision is reversed, and the case REMANDED for further administrative proceedings consistent with this Decision and Order.

## PROCEDURAL HISTORY

In November 2016, Claimant applied for DIB and SSI.  T. 171-179; *see* T. 89.[2] She alleged disability beginning April 2, 2015 due to arthritis, depression, and anxiety.  T. 89, 171, 173.  Claimant's date last insured was September 30, 2020.  *See* T. 16-17.

After Claimant's applications were denied, T. 78-87, she requested a hearing, T. 108-109.  The administrative hearing took place on October 30, 2018.  At the hearing, Plaintiff appeared *pro se* and testified, and a vocational expert ("VE") appeared and testified.  T. 32-77.  After the hearing, the ALJ issued a decision dated February 14, 2019 finding that Claimant was not disabled within the meaning of the SSA.  T. 15-27.  On January 10, 2020, the Appeals Council denied Plaintiff's request for review.  T. 1-3.  This action seeks review of the Commissioner's final decision.  Dkt. No. 1.

## DISCUSSION

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal citations and quotations omitted); *see* 42 U.S.C. § 405(g).

---

[2] "T. __" refers to pages of the administrative transcript.

"'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera*, 697 F.3d at 151, quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The parties' dispute in this case centers on the ALJ's Residual Functional Capacity (RFC) determination and an alleged reversable error at the fifth step of the sequential analysis.

**A.    Step Five**

After formulating an RFC, the ALJ concluded that Plaintiff was unable to perform any past relevant work and thus proceeded to the final step of the sequential evaluation process. "At step five of the disability analysis, the ALJ must determine whether the claimant can adjust to other work for which there are a significant number of jobs in the national economy . . . An ALJ can make the step five determination by eliciting VE testimony." *Stover v. Comm'r of Soc. Sec.*, No. 17-CV-1029-FPG, 2018 WL 5262463, 2018 U.S. Dist. LEXIS 181821, *7 (W.D.N.Y. Oct. 23, 2018), citing 20 C.F.R. §§ 404.1560(c), 416.960(c); *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014).

Plaintiff argues that the ALJ erred at Step Five when he failed to resolve a conflict between the jobs the VE identified and the description of those jobs in the Dictionary of Occupational Titles ("DOT"). Specifically, Plaintiff asserts that the RFC determination limited her to only occasional overhead reaching yet the jobs the VE identified require frequent reaching. Because the ALJ did not properly question the VE or reconcile/ explain this discrepancy, Plaintiff reasons, the decision is unsupported by substantial evidence and remand is required.

The ALJ determined that Plaintiff has the RFC to perform a reduced range of sedentary work, with limitations to include, among others, "occasionally . . . reach overhead bilaterally."  T. 20.  Occasionally means "that the activity or condition occurs *at least once up to one-third* of an 8-hour workday."  Program Operations Manual System (POMS) DI 25001.001A, 53 (emphasis added).  "Reaching" is defined as "extending the hands and arms in any direction."  S.S.R. 85-15, 1985 SSR LEXIS 20, *19, 1985 WL 56857, at *7 (S.S.A. Jan. 1, 1985).

At the hearing, the ALJ asked the VE to assume a hypothetical individual with Plaintiff's age, education level, and past work experience, with a variety of limitations including occasionally reaching overhead bilaterally.  T. 72-74.  The VE testified that such an individual could perform unskilled sedentary work existing in significant numbers in the national economy, like an inspector, document preparer, or sorter.  T. 74.  The ALJ asked the VE if his testimony was consistent with the DOT and Selected Characteristics of Occupations ("SCO").  The VE responded, "It is, your honor, although the DOT doesn't address some issues *such as being off-task*.  So, for that testimony I rely on my experience in disability management."  T. 75 (emphasis added).

According to the DOT, the jobs identified by the VE, namely, "inspector", "document preparer", and "sorter", require reaching "frequently", which "means that the activity or condition occurs *one-third to two-thirds* of an 8-hour workday."  POMS DI 25001.001A, 33 (emphasis added); *see* DOT 669.687-014 (Dowel Inspector [woodworking]); DOT 249.587-018 (Document Preparer, Microfilming [business ser.]); DOT 521.687-086 (Nut Sorter [can. & preserv.]).  In his decision, the ALJ acknowledged this discrepancy, as these three jobs require frequent reaching pursuant to the DOT and

4

the DOT "does not contemplate reaching overhead." T. 26. The ALJ stated that despite that inconsistency, "because of the [VE]'s considerable professional experience, I find that his testimony about the other jobs the claimant could perform in the national economy is persuasive. Therefore, I accept his testimony and find it is in accordance with SSR 00-4p." T. 26. Thus, the ALJ concluded that Plaintiff could successfully adjust to other work existing in significant numbers in the national economy, which rendered a finding of "not disabled" appropriate. T. 26.

Social Security Ruling ("SSR") 00-4p, 2000 SR LEXIS 8,[3] which clarifies the SSA's standards for a VE's role, provides that:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

S.S.R. 00-4p, 2000 SSR LEXIS 8, *4, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000).

"This Ruling 'place[s] an affirmative duty on the ALJ to identify and resolve any conflict between the [VE]'s testimony and the DOT before relying on such testimony.'"

*Marjanovic v. Comm'r of Soc. Sec.*, No. 19-CV-246-FPG, 2020 WL 3445676, 2020 U.S.

---

[3] "'Social Security Rulings . . . are binding on all components of the Social Security Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [SSA] ha[s] adopted.' 20 C.F.R. § 402.35(b)(1)." *Richards v. Berryhill*, No. 16-CV-804, 2018 WL 6831153, 2018 U.S. Dist. LEXIS 217513, *17 n.7 (W.D.N.Y. Dec. 28, 2018).

Dist. LEXIS 110811, *8 (W.D.N.Y. June 23, 2020) (internal citation omitted).  Indeed, "[w]here there is an unexplained and direct contradiction of the DOT, the expert's testimony does not constitute substantial evidence to support a finding that jobs are available." *Palacios v. Berryhill*, 17-cv-04802 (ALC), 2018 WL 4565141, 2018 U.S. Dist. LEXIS 163293, *35 (S.D.N.Y. Sept. 24, 2018) (internal citations and quotations omitted).

Plaintiff primarily relies on *Lockwood v. Comm'r of SSA*, 914 F.3d 87 (2d Cir. 2019) in support of her contention that the ALJ neglected the requirements of the Ruling and the unresolved conflict therefore requires remand.  Akin to this case, in denying the plaintiff's benefits application, the ALJ in *Lockwood* reasoned that the VE's testimony established at least three available jobs that would accommodate the limitation requiring the plaintiff to "avoid all overhead reaching tasks".  However, the DOT established that each of those three jobs required occasional or frequent "reaching".  *Id.* at *92.  The Second Circuit held that a remand was required for the Commissioner to "probe this apparent conflict before relying on [the VE]'s testimony."  *Id.*  The Court further held—as is applicable here—that "[t]estimony that a claimant with overhead reaching limitations is capable of performing a job that the Dictionary describes as requiring 'reaching' . . . creates at least an apparent conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the testimony."  *Id.*

The Commissioner argues that the ALJ properly identified the conflict, the VE "testified that issues not addressed in the DOT were based upon his experience since 1990", and the ALJ "found the expert's considerable experience a reasonable explanation for conflicts with the DOT".  Dkt. No. 21-1, p. 22.  As stated previously, the VE testified that he relied on his "experience in disability management" when the DOT

6

"doesn't address some issues *such as being off-task*."  T. 75 (emphasis added).  The ALJ noted in his decision that despite the "reaching" conflict, he credited the VE's testimony about "other jobs the claimant could perform in the national economy" because of his "considerable professional experience."  T. 26.

S.S.R. 00-4p provides examples of some reasonable explanations for conflicts or apparent conflicts in occupational information, "which may provide a basis for relying on the evidence from the VE or VS, rather than the DOT information."  For example, "[i]nformation about a particular job's requirements or about occupations not listed in the DOT may be available . . . from a VE's or VS's experience in job placement or career counseling."  S.S.R. 00-4p, 2000 SSR LEXIS 8, at *5-6.  Thus, the VE could have testified about whether the inspector, document preparer, or sorter jobs actually require overhead reaching and to what extent, based upon his professional experience.

The VE did not do so, though.  The Plaintiff rightly points out that it is unclear from the VE's testimony if he was even aware of the potential "reaching" conflict.  Rather, the ALJ asked the "catch-all question" whether the VE's testimony comported with the DOT.  *Lockwood*, 914 F.3d at 94.  The ALJ then essentially took the VE "at his word" that his testimony either aligned with the DOT on any issue or conflict or that his experience resolved any such issue or conflict.  *Id.* at 93.  The VE did not specifically address overhead reaching.  The only question asked by the ALJ about this limitation was, "the occasional . . . reaching over-head bilaterally, would that independently preclude work at a sedentary level?" to which the VE responded, "No."  T. 75.

As the Second Circuit explained in *Lockwood*, "[i]t may well be that the apparent conflict between [the VE]'s testimony and the [DOT] is susceptible to easy resolution—

7

if, for example, the reaching involved in the three jobs at issue consists exclusively of lateral or downward reaching.  But it is not our role to speculate as to how or whether that conflict might have been resolved had the Commissioner carried out [his] responsibility to probe such matters." *Lockwood*, 914 F.3d at 94.  Thus, the Court must reverse and remand for further proceedings, for the Commissioner to conduct the requisite inquiry of the VE.

**B.     Plaintiff's remaining challenges to the ALJ's decision**

Because the Court finds that remand is otherwise warranted, the Court declines to reach the remainder of Plaintiff's arguments that concern the ALJ's physical and mental RFC finding, *i.e.*, a reduced range of sedentary work.  *See e.g. Davis v. Berryhill*, 2018 U.S. Dist. LEXIS 39605 *10, 2018 WL 1250019 (W.D.N.Y. Mar. 9, 2018); *Brink v. Colvin*, 2017 U.S. Dist. LEXIS 89909, *8, 2017 WL 2531711 (W.D.N.Y. June 12, 2017).

**CONCLUSION**

Is hereby ORDERED that pursuant to 28 U.S.C. § 636(b)(1) and for the reasons set forth above, Plaintiff's motion (Dkt. No. 15) for judgment on the pleadings is GRANTED to the extent the Commissioner's final decision is reversed, the Commissioner's motion (Dkt. No. 21) for similar relief is DENIED, and the Commissioner's final decision is VACATED and the case REMANDED for further administrative proceedings consistent with this Decision and Order.

The Clerk of the Court shall take all steps necessary to close the case.

**IT IS SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  June 16, 2021
         Buffalo, New York